# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Harold and Linda Harwick

**(b)** County of Residence of First Listed Plaintiff: Tioga County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
James P. Carfagno, de Luca Levine LLC 215-383-0081
301 E. Germantown Pike 3rd Floor East Norriton, PA 19401

## DEFENDANTS
Deere & Company

County of Residence of First Listed Defendant: Rock Island
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [x] 385 Property Damage Product Liability

**PRISONER PETITIONS**
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1332(a)(1)
Brief description of cause:
Property Damage

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 8/8/2022
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __380 Pumpkin Hill Rd. Mansfield, PA 16933__

Address of Defendant: __One John Deere Pl. Moline, IL 61265__

Place of Accident, Incident or Transaction: __380 Pumpkin Hill Rd. Mansfield, PA 16933__

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when **Yes** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐   No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ☐

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __08/08/2022__     _(signature)_     __82960__
                              *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
     *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☒ 9. All other Diversity Cases
     *(Please specify):* __Subrogation product liability__

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __James P. Carfagno__, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __08/08/2022__     _(signature)_     __82960__
                              *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Harold and Linda Harwick**<br>380 Pumpkin Hill Rd.<br>Mansfield, PA 16933<br>    **Plaintiffs,**<br>v.<br><br>**Deere & Company**<br>One John Deere Pl.<br>Moline, IL 61265<br><br>    **Defendant.** | **Civil Action No:**<br><br>**Jury Trial Demanded** |

## COMPLAINT

Plaintiffs, Harold and Linda Harwick, by and through the undersigned counsel, hereby demand judgment against the above-named Defendant, and states by way of Complaint against it, as follows:

## PARTIES

1. Harold and Linda Harwick, (hereinafter "Plaintiffs") are both adult individuals, and at all times relevant hereto, were the owners of the property located at 380 Pumpkin Hill Rd. Mansfield PA 16933 (hereinafter "subject property").

2. Deere & Company (hereinafter "Defendant"), at all times relevant hereto, was a Delaware corporation with a principal place of business at One John Deere Pl. Moline, IL 61265.

3. Upon information and belief, Defendant was engaged in, *inter alia*, the business of designing, manufacturing, assembling, distributing, and selling products and services related to farming and agriculture.

## JURISDICTION AND VENUE

4. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between entities and/or citizens of different states. Moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

5. Venue is proper in this district based on 28 U.S.C. $1391(d) in that the defendant is a resident who regularly conduct business in this district and is subject to personal jurisdiction.

## FACTUAL BACKGROUND

6. Plaintiff incorporates by reference the preceding paragraphs as though set forth at length herein.

7. Prior to February 7, 2021, Defendant designed, manufactured, assembled, tested, inspected, marketed, distributed, and placed into the stream of commerce the subject 2012 John Deere RSX850I ATV (hereinafter "subject ATV"), and its component parts, said product being intended for use by consumers for the ordinary purpose associated with motorized off-highway vehicles.

8. Prior to February 7, 2021, Plaintiffs operated the subject ATV in a foreseeable, normal, ordinary, and intended manner.

9. On February 7, 2021, a fire erupted in the detached garage of the subject property as a direct result of a malfunction of the subject ATV.

10. The fire caused extensive damage to the real and personal property of Plaintiffs, as well as the imposition of additional expenses and hardship besides.

11. Further investigation revealed that the fire was caused by a malfunction in the subject ATV, causing it to start a fire that spread through Plaintiffs' property.

12. At all times relevant hereto, the subject ATV was not modified, changed, altered,

misused or abused by Plaintiffs, or any other users, after it was placed into the stream of commerce by Defendant.

13. At all times material hereto, Defendant knew, and intended, that members of the public would use their product, and they furthermore knew of the specific uses, purposes and requirements for which the subject ATV would be utilized.

14. Defendant designed, manufactured, assembled, tested, inspected, marketed, distributed and placed into the stream of commerce the subject ATV in a dangerous and defective condition.

15. As a result of the aforementioned fire, Plaintiffs sustained damages in an amount in excess of $150,000.00.

## COUNT I – STRICT LIABILITY

16. Plaintiff incorporates by reference the preceding averments as though the same were set forth at length herein.

17. Defendant is engaged in the business of designing, manufacturing, testing, inspecting, assembling, marketing, selling, distributing ATVs and their component parts.

18. Furthermore, Defendant specifically designed, manufactured, tested, inspected, assembled, marketed, sold, distributed, and placed into the stream of commerce the subject ATV at issue in this case.

19. The subject ATV was not improperly modified, changed, altered, misused, or abused by Plaintiffs after Defendant placed the product into the stream of commerce.

20. Defendant knew, and intended that the subject ATV would be used by members of the general public, and furthermore knew of the specific uses, purposes and requirements for which said ATVs would be utilized.

21. Defendant designed, manufactured, tested, inspected, assembled, marketed, sold, distributed, and placed into the stream of commerce the subject ATV in a defective and unreasonably dangerous condition, which ultimately led to a catastrophic failure and/or malfunction.

22. Defendant knew, or should have known, that the subject ATV would, and did, reach Plaintiffs without substantial change in the condition in which it was originally selected and sold.

23. The subject ATV was not altered by Plaintiffs in any manner that caused or contributed to the fire after the product originally left the possession of Defendant.

24. Plaintiffs operated the subject ATV in a foreseeable, normal, ordinary and intended manner at all relevant times.

25. The fire and its resulting property damage were caused by the defective and unreasonably dangerous condition of the subject ATV at the time it left the hands of Defendant, including design defects and manufacturing defects.

26. The aforementioned defects, and/or unreasonably dangerous conditions, existed at the time Defendants placed the subject ATV into the stream of commerce and were foreseeable.

27. The defective and unreasonably dangerous conditions of the subject ATV were direct and proximate causes of the damages sustained by Plaintiffs.

28. The defective and unreasonably dangerous conditions caused by Defendant of the subject ATV proximately caused a fire to occur at the subject property in the following ways:

   a. carelessly and negligently failing to design, manufacture, test, inspect, assemble, market, sell, distribute, and/or place into the stream of commerce a properly functioning and defect-free ATV, which after reasonable and foreseeable use malfunctioned and/or catastrophically failed;

    b.    carelessly and negligently failing to properly design, manufacture, test, inspect, assemble, market, sell, distribute, and/or place into the stream of commerce the subject ATV free from defects,

    c.    carelessly and negligently failing to properly determine that the subject ATV was not in a safe condition, and free of all material defects;

    d.    carelessly and negligently designing, manufacturing, testing, inspecting, assembling, marketing, selling, distributing, and/or placing into the stream of commerce the subject ATV when it knew, or should have known, that the product was unsafe and unfit for its intended use;

    e.    carelessly and negligently designing, manufacturing, testing, inspecting, assembling, marketing, selling, distributing, and/or placing into the stream of commerce the subject ATV when Defendants knew, or should have known, that the product would be inadequate for the reasons for which it was purchased;

    f.    carelessly and negligently designing, manufacturing, testing, inspecting, assembling, marketing, selling, distributing, and/or placing into the stream of commerce the subject ATV that catastrophically failed and/or malfunctioned;

    g.    carelessly and negligently designing, manufacturing, testing, inspecting, assembling, marketing, selling, and/or placing into the stream of commerce a dangerous and defective ATV that Defendants knew, or reasonably should have known, exposed users to an unreasonable risk of harm;

    h.    carelessly and negligently failing to properly and adequately design, manufacture, test, inspect, assemble, market, sell, and distribute the subject ATV prior to introducing the product into the stream of commerce;

29.     The defective and unreasonably dangerous conditions caused by Defendant caused a fire to occur at the subject property, which resulted in damages to Plaintiff.

30.     Therefore, Defendant is strictly liable to Plaintiff under applicable case law, statutes and standards within the Commonwealth of Pennsylvania.

31.     As a direct and proximate result, Plaintiffs sustained and incurred damage to their property and the imposition of additional expenses in an amount in excess of $150,000.00.

**WHEREFORE**, Plaintiffs, Linda and Harold Harwick, respectfully request judgment against Defendant Deere & Company in an amount in excess of $150,000.00, plus costs incident to this suit, delay damages, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

### **COUNT II –NEGLIGENCE**

32. Plaintiffs incorporate by reference the preceding averments as though the same were set forth at length herein.

35. Defendant knew, and intended, that the subject ATV would be used by members of the general public, and furthermore knew of the specific uses, purposes and requirements for which said product would be utilize.

36. The aforementioned damages were the direct and proximate result of the negligence and careless conduct and/or acts or omissions of Defendant, by and through their employees, agents, technicians, vendors, subcontractors, suppliers and/or servants, more specifically failing to exercise reasonable care described as follows:

    a. failing to design, manufacture, inspect, assemble, distribute and/or market a properly functioning and defect-free ATV, which after reasonable and foreseeable use malfunctioned and catastrophically failed;

    b. designing, manufacturing, inspecting, assembling, distributing and/or marketing the ATV when Defendant knew, or should have known, that the ATV was unsafe and unfit for its intended use;

    c. designing, manufacturing, inspecting, assembling, distributing and/or marketing the ATV when Defendant knew, or should have known, that the ATV would be inadequate for the reasons for which it was purchased;

    d. designing, manufacturing, testing, inspecting, assembling, distributing and/or marketing an ATV that catastrophically failed and/or malfunctioned;

    e. designing, manufacturing, testing, inspecting, assembling, distributing

    and/or marketing a dangerously defective ATV that Defendant knew, or reasonably should have known, exposed users to an unreasonable risk of harm;

  f. failing to properly and adequately design, manufacture, inspect, assemble, market, sell, distribute and/or test the ATV, and its component parts prior to introducing the product into the stream of commerce;

  g. designing, manufacturing, testing, inspecting, assembling, distributing and/or marketing the ATV in a defective condition which rendered the product hazardous and dangerous for its contemplated and intended use;

37. As a direct and proximate result of Defendant's aforementioned negligent and careless actions and/or omissions, the aforementioned fire occurred and Defendant is liable to Plaintiffs for the damages sustained.

38. For these reasons, Defendant is liable to Plaintiffs as a result of the aforementioned fire, for which Plaintiffs sustained damages in an amount in excess of $150,000.00.

**WHEREFORE**, Plaintiffs, Linda and Harold Harwick, respectfully request judgment against Defendant Deere & Company in an amount in excess of $150,000.00, plus costs incident to this suit, delay damages, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT III- BREACH OF EXPRESS AND IMPLIED WARRANTIES

39. Plaintiffs incorporate by reference the preceding averments as though the same were set forth at length herein.

40. The design, manufacture, testing, inspecting, assembling, marketing, selling, distributing and/or placing into the stream of commerce of the subject ATV was not performed in a professional, competent, and workmanlike manner for the reasons set forth herein, and as such posed a hazard to Plaintiffs and their property.

41. Accordingly, Defendant breached the express and implied warranties of the

agreement, including but not limited to the implied warranty of quality workmanship.

42. Pursuant to the agreement, Defendant expressly and/or impliedly warranted to Plaintiffs that all work performed in connection with design, manufacture, testing, inspecting, assembling, marketing, selling, distributing, and/or placing into the stream of commerce of the subject ATV would be free from defects.

43. In light of the defects and negligence described herein, Defendant did not design, manufacture, test, inspect, assemble, market, sell, distribute, and/or place into the stream of commerce the subject ATV in a good and workmanlike manner.

44. Moreover, in light of the defects and negligence described herein, Defendant breached warranties that were expressed and/or implied in contracts applicable to the design, manufacture, testing, inspecting, assembling, marketing, selling, distributing, and/or placing into the stream of commerce of the subject ATV, including but not limited to pursuant to the applicable standard of care, and the aforementioned agreement(s).

45. Plaintiffs used the subject ATV in a foreseeable and ordinary manner, of which Defendant should have been aware, and for which Defendant's expertise was relied upon; yet Plaintiffs sustained the damages described herein due to the defects, breaches and negligence described above.

**WHEREFORE**, Plaintiffs, Linda and Harold Harwick, respectfully request judgment against Defendant Deere & Company in an amount in excess of $150,000.00, plus costs incident to this suit, delay damages, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

          **de LUCA LEVINE LLC**

BY: _____

        **RAYMOND E. MACK, ESQUIRE**
        PA ID: 91815
        **JAMES P. CARFAGNO, ESQUIRE**
        PA ID: 82960
        301 E. Germantown Pike, 3rd Floor,
        East Norriton, PA  19401
        215-383-0081
        215-383-0082 (fax)
        rmack@delucalevine.com
        jcarfagno@delucalevine.com
        ATTORNEYS FOR PLAINTIFFS

**Dated:**  August 8, 2022